UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RASHAD AKEEM RASHEED, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 12-11921-DJC |
| BRUCE GELB, | ) ) ) | |
| Respondent. | ) ) | |

REPORT AND RECOMMENDATION ON
<u>PETITION FOR WRIT OF HABEAS CORPUS</u>

January 3, 2013

SOROKIN, C.M.J.

      Petitioner Rashad Akeem Rasheed, a prisoner at the Souza Baranowski Correctional Center in Shirley, Massachusetts, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. No. 1.  Rasheed's petition is the latest in a series of challenges aimed at state convictions that are nearly forty years old.  Because the petition is a "second or successive habeas corpus application," this Court lacks jurisdiction to consider it absent prior authorization from the United States Court of Appeals for the First Circuit.  As such, I recommend the petition be dismissed.

I.      BACKGROUND[1]

      On September 12, 1975, following a jury trial in the Suffolk Superior Court, Rasheed was

---

[1] The factual and procedural history of Rasheed's conviction and the numerous proceedings following it are more fully set forth, including citations to relevant state and federal decisions, by Judge Stearns in <u>Rasheed v. Nolan</u>, No. 87-cv-1957, 2004 WL 3019348, at *1-2 (D. Mass. Dec. 30, 2004).

convicted of rape, armed robbery, and three counts of kidnapping.[2] Doc. No. 1 at 1. He was sentenced to life in prison, with concurrent terms of twenty-five-to-forty and seven-to-ten years. Doc. No. 1 at 1; Rasheed, 2004 WL 3019348, at *1. After his convictions were affirmed on direct appeal, Rasheed sought, and was denied, federal habeas relief for the first time. Rasheed, 2004 WL 3019348, at *1; see also Doc. No. 1 at 2-3.

Rasheed next attacked his convictions in state post-conviction proceedings, in which he sought a new trial. See Doc. No. 1 at 3. Such relief was denied in 1981 after a hearing, and the denial was affirmed by the Massachusetts appellate courts. Rasheed, 2004 WL 3019348, at *1. In 1985, Rasheed's second federal habeas petition was denied for failure to exhaust his claims in state court, and his second state-court post-conviction motion also was unsuccessful. Id.

In August 1987, Rasheed filed his third federal habeas petition, in which he asserted nine claims, including "the alleged suppression by the prosecution of exculpatory evidence." Id. at *2; Doc. No. 1 at 12. Another session of this Court dismissed the petition in 1988, finding it "presented no cognizable claim." Rasheed, 2004 WL 3019348, at *2. In July 2003, Rasheed sought to reopen the proceedings related to his 1987 federal petition via a motion "styled under" Rule 60(b) of the Federal Rules of Civil Procedure.[3] Id. at *1. Judge Stearns concluded the motion, which presented constitutional attacks on the validity of Rasheed's conviction, was "in reality a second or successive habeas petition." Id. at *3. Because Rasheed had not obtained authorization from the Court of Appeals before filing his motion, Judge Stearns dismissed the

---

[2]Rasheed was convicted under the name Bobby Ray Kines. Doc. No. 1 at 1.

[3]Between 1987 and 2003, Rasheed filed at least two additional (and unsuccessful) motions in state court requesting a new trial. See Doc. No. 1 at 3-4.

motion in 2004 "for want of subject matter jurisdiction." Id.

From 2005 through 2010, Rasheed unsuccessfully continued to challenge his conviction in state court. See Doc. No. 1 at Ex. D. Meanwhile, in 2007, he filed a motion seeking to reopen proceedings related to his first federal habeas petition. See ECF No. 29, Rasheed v. Marshall, No. 78-cv-1176-MLW (D. Mass. May 31, 2007). Judge Wolf denied Rasheed's motion, finding it brought "claims identical to those dismissed by Judge Stearns" and, thus, it constituted "a second or successive habeas petition that cannot be considered without leave of the Court of Appeals." ECF No. 33 at 4-5, Rasheed v. Marshall, No. 78-cv-1176-MLW (D. Mass. Aug. 7, 2007). Thereafter, Judge Wolf denied a series of motions to reconsider or reopen the 1978 habeas proceedings, see ECF Nos. 36, 39, 41, 43, 51, Rasheed v. Marshall, No. 78-cv-1176-MLW (D. Mass. Aug. 23, 2007 through Aug. 16, 2010), and the Court of Appeals denied review, see ECF No. 70, Rasheed v. Marshall, No. 78-cv-1176-MLW (D. Mass. Sept. 28, 2011).

Citing information he received during the course of state-court litigation related to his requests for post-conviction discovery and DNA testing, Rasheed again challenged his convictions in the Suffolk Superior Court in February 2011. See Doc. No. 1 at 3, 6, 12, Ex. D, Ex. G. Although Rasheed asserts his 2011 motion is still pending before the trial court, see id. at 12, 14, the state-court docket reflects the motion was denied in May 2012, id. at Ex. D. Rasheed appealed that denial to the Supreme Judicial Court, and proceedings related to his appeal remain pending. Id.; see Docket, Rasheed v. Suffolk Super. Ct. Crim. Div., No. SJ-2012-191 (Mass.).

In September 2011, Rasheed filed a federal complaint purporting to bring claims against the Suffolk County District Attorney under 42 U.S.C. § 1983. See ECF No. 1, Rasheed v. Conley, No. 11-cv-11672-RGS (D. Mass. Sept. 19, 2011). Finding the complaint reasserted the

3

same claims presented in Rasheed's attempt to reopen his 1987 federal habeas petition (again without obtaining leave from the Court of Appeals to file a second or successive petition), Judge Stearns dismissed the action. See Electronic Orders dated Mar. 16, 2012 and June 28, 2012, Rasheed v. Conley, No. 11-cv-11672-RGS (D. Mass.). Rasheed's appeal of that dismissal remains pending. Rasheed v. Conley, No. 12-1880 (1st Cir.).

II.     DISCUSSION

Rasheed's latest federal petition, filed in October 2012,[4] is at least Rasheed's fourth request for relief pursuant to 28 U.S.C. § 2254. In it, Rasheed alleges a constitutional violation arising from the prosecutor's delayed disclosure of a police chemist's report and other crime scene evidence. See Doc. No. 1 at Exs. A, B. This claim attacks convictions which became final several decades ago, is identical to a claim now pending in state court, and is similar to claims previously considered by other sessions of this Court. As such, questions of timeliness, exhaustion, and preclusion present potential barriers to consideration of Rasheed's claim on its merits. This Court, however, lacks jurisdiction to reach such issues absent prior authorization from the Court of Appeals.

The Antiterrorism and Effective Death Penalty Act of 1996, which governs Rasheed's petition, strictly limits the power of federal courts to entertain "second or successive" habeas corpus applications. See 28 U.S.C. § 2244(a)-(b). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate

---

[4] Rasheed's petition was docketed with the Court on October 16, 2012, but could be deemed filed as early as October 5, 2012, based on his certification that he placed it in the prison mail on that date. Doc. No. 1 at 15; see Morales-Rivera v. United States, 184 F.3d 109, 109 (1st Cir. 1999) (per curiam). For present purposes, the Court need not determine the precise filing date.

court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A).  Such a petition is "permitted by this section" only if:

> (A) . . . the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§ 2244(b)(2).  It is for the Court of Appeals, not this Court, to consider whether a petitioner has satisfied this standard.  See Trenkler v. United States, 536 F.3d 85, 98 (1st Cir. 2008) (when faced with unauthorized second or successive habeas petition, district court has only two options: dismiss it or transfer it to the Court of Appeals); Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) (same); see also § 2244(b)(3)(B)-(D) (motion for permission to file second or successive habeas petition is considered and decided by three-judge panel of the Court of Appeals within thirty days of filing).

Two other sessions of this Court have cited the requirements of § 2244(b) when disposing of Rasheed's previous federal filings.  See Rasheed v. Nolan, 2004 WL 3019348, at *3; see also ECF No. 33 at 3-5, Rasheed v. Marshall, No. 78-cv-1176-MLW (D. Mass. Aug. 6, 2007) (adopting Judge Stearns's reasoning).  Rasheed, however, disregarded these prior admonitions when he filed the instant petition without first obtaining the necessary authorization from the Court of Appeals.  Absent such authorization, this Court may not consider Rasheed's constitutional claim.  Rasheed, 2004 WL 3019348, at *3.

Although it appears Rasheed will invoke § 2244(b)(2)(B) as justification for his renewed request for habeas relief, see Doc. No. 1 at Ex. B (citing a "previously [un]disclosed" chemist's report discovered by Rasheed in January 2011), his petition does not acknowledge the applicable standard, nor does it fully address the requirements included therein.  Therefore, dismissal of Rasheed's petition, rather than transfer to the Court of Appeals, is appropriate.  If Rasheed wishes to pursue his latest federal claim, he must first file a motion in the Court of Appeals pursuant to § 2244(b)(3), demonstrating how he satisfies the requirements of § 2244(b)(2).

III.   CONCLUSION

For the foregoing reasons, I respectfully recommend Rasheed's habeas corpus petition be DISMISSED for lack of jurisdiction.[5]  I further recommend that there is no probable cause to issue a certificate of appealability.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

    /s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge

---

[5] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of receipt of this Report and Recommendation.  The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b); Habeas Corpus Rule 8(b).  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to file timely objections will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).